JUDGE SCHEINDLIN OFFICE COPY   08 CV 02081

Todd E. Soloway (TS-9500)
TSoloway@pryorcashman.com
Robert W. Ray (RR-4440)
RRay@pryorcashman.com
Pryor Cashman LLP
Attorneys for Plaintiff
410 Park Avenue, 10th Floor
New York, New York  10022
(212) 421-4100



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

EAST 29TH STREET LLC,

                    Plaintiff,

     - against -                      **COMPLAINT**

WACHOVIA BANK, N.A.,

                    Defendant.

-------------------------------------------------------------------x

Plaintiff East 29th Street LLC ("Plaintiff"), by its attorneys Pryor Cashman LLP, as and for its Complaint against Defendant herein alleges as follows:

## JURISDICTION AND VENUE

1.     Plaintiff asserts jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 since the action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

3.     Plaintiff East 29th Street LLC is organized under the laws of the State of New York with its principal place of business in New York, New York.

689441

4.    Upon information and belief, Defendant Wachovia Bank, N.A. ("Wachovia") is a North Carolina corporation, with its principal place of business in North Carolina. Wachovia maintains a branch office for its International Private Advisory Group at 200 South Biscayne Boulevard, Miami, Florida.

## FACTS

5.    East 29th Street LLC has an ownership interest in a parcel of property located at 39 East 29th Street, New York, New York which is being developed as a condominium apartment building ("the Project"). Non-party Espais Promocions Immobilaries EPI, S.A. ("Espais") is a real estate development company based in Barcelona, Spain with an interest in this property through East 29th Street LLC.

6.    By written agreement dated August 1, 2006 (the "Agreement") Espais hired Arcon Solutions, LLC ("Arcon") to serve as its development manager for the Project.

7.    Thereafter, East 29th Street LLC opened a Business Checking Account (the "Account") with Wachovia in Miami, Florida, and provided, among other things, that Arcon's principal, non-party Michael Falke, the Chairman and Chief Executive Officer of Arcon, would have authority to make pre-approved withdrawals from the Account. The account is governed by the Deposit Agreement, the most recent version being effective October 12, 2007.

8.    In a letter to Wachovia dated January 10, 2008, Plaintiff provided timely written instructions to Wachovia ensuring that Michael Falke's prior authority to make withdrawals from Plaintiff's Account was revoked.

9.    On January 16, 2008, Rafael De Gispert and Ricard San Jose i Sorroche, on Plaintiff's behalf, went to Wachovia's Miami branch where the account was located, to ensure that Michael Falke's authority over the account had been revoked.

#689441                                                    2

10.     While there, Mr. De Gispert and Mr. Sorroche learned that Michael Falke had requested a funds transfer from the East 29th street account in the amount of $218,750.  Upon the direct in-person request of Mr. De Gispert and Mr. Sorroche to Jorge Aguirre, the Relationship Manager at Wachovia's International Private Advisory Group, the unauthorized funds transfer was stopped.

11.     Later that same day, Espais terminated its Agreement with Arcon.

12.     Later that same day (January 16, 2008), after he had been terminated and informed of same in person, Mr. Falke again requested an unauthorized funds transfer for the same amount of $218,750 from Plaintiff's Account.

13.     Notwithstanding the prior written notification and Plaintiff's in-person instructions, Wachovia permitted the funds transfer to go through.

14.     In honoring the second funds transfer request, Wachovia converted Plaintiff East 29th Street LLC's money to an unauthorized account, to wit, for the benefit of Mr. Falke.

15.     Plaintiff sent subsequent emails and letters to Wachovia in Florida in which detailed requests were made for the refund of the above amount to the East 29th Street LLC Account.

16.     To date, Wachovia has failed to respond to Plaintiff's demand to return the above amount to its Account.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR BREACH OF CONTRACT

17.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 16 above as is fully set forth herein.

18.     Plaintiff performed all of its obligations under the Wachovia Deposit Agreement for Commercial Accounts, effective October 12, 2007.

#689441                                         3

19.     Defendant Wachovia breached the Deposit Agreement by permitting Michael Falke to make an unauthorized electronic funds transfer in the amount of $218,750.

20.     As a result of Defendant Wachovia's breach, Plaintiff has suffered damages in an amount to be determined at trial but in no event less than $218,750, plus interest, attorneys' fees, costs and expenses.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR CONVERSION

21.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 above as is fully set forth herein.

22.     In honoring the unauthorized funds transfer, Defendant Wachovia exercised unauthorized dominion over the funds in the Plaintiff's Account, to the exclusion of and in violation of the rights of Plaintiff East 29th Street LLC.

23.     Defendant's wrongful conduct constitutes conversion of Plaintiff's personal property.

24.     Plaintiff has suffered damages in an amount to be determined at trial but in no event less than $218,750, the amount wrongfully withdrawn from the Account, plus interest, attorneys' fees, costs and expenses.

## AS FOR A THIRD CAUSE OF ACTION
## FOR VIOLATION OF FLORIDA STATUTE § 670.204

25.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 above as is fully set forth herein.

26.     Fla. Stat. Ann. § 670.204 states in pertinent part:

> If a receiving bank accepts a payment order issued in the name of its customer as sender which is not authorized and not effective as the order of the customer under s. 670.202 or is not enforceable, in whole or in part, against the customer under s. 670.203, the bank **shall refund any payment of the payment order**

**received from the customer** to the extent the bank is not entitled to enforce payment and shall pay interest on the refundable amount calculated from the date the bank received payment to the date of the refund.  (Emphasis added).

27.    Defendant Wachovia accepted an unauthorized funds transfer request and refused to refund any payment owed to its customer, Plaintiff East 29th Street LLC, in violation of Florida Statute § 670.204.

28.    Plaintiff has suffered damages in an amount to be determined at trial but in no event less than $218,750, the amount wrongfully withdrawn from the Account, plus interest, attorneys' fees, costs and expenses.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

        (A)    on the first cause of action, granting Plaintiff a money judgment in an amount to be determined at trial, but no less than $218,750, plus interest, attorneys' fees, costs and expenses;

        (B)    on the second cause of action, granting Plaintiff a money judgment in an amount to be determined at trial, but no less than $218,750, plus interest, attorneys' fees, costs and expenses;

        (C)    on the third cause of action, granting Plaintiff a money judgment in an amount to be determined at trial, but no less than $218,750, plus interest, attorneys' fees, costs and expenses; and

        (D)    granting Plaintiff such further relief as the Court deems just and proper.

Dated:          New York, New York
                   March 3, 2008

                   PRYOR CASHMAN LLP
                   Attorneys for Plaintiff East 29th Street LLC

                   By:

                       Todd E. Soloway  (TS-9500)
                       (TSoloway@pryorcashman.com)
                       Robert W. Ray (RR-4440)
                       (RRay@pryorcashman.com)
                       410 Park Avenue
                       New York, New York 10022
                       (212) 421-4100

#689441